UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARY DAVIS<br>Plaintiff,<br><br>v.<br><br>NATIONWIDE DEBT MANAGEMENT SOLUTIONS, L.L.C.<br>Defendant. | Case No:<br>Hon:<br><br>**COMPLAINT AND JURY DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227 (c)(5).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Mary Davis is a natural person who resides in Flint, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Nationwide Debt Management Solutions, LLC (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes based upon debt incurred to My Cash Now that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. After default, the debt was then assigned, transferred or purchased by Defendant.

8. On or about December 4, 2012, an agent of Defendant called Plaintiff's place of employment.

9. The call came into the call center and Defendant asked for a supervisor.

10. Upon being transferred to a supervisor, Defendant requested to verify the employment of Plaintiff.

11. At no time prior to December 4, 2012, had Defendant caused or obtained a judgment against Plaintiff.

12. Plaintiff, learning of the call, spoke to Defendant and informed it that her employer did not allow personal calls to be made and demanded that such calls stop.

13. Defendant then completed an Employment Verification form that contained Plaintiff's employer, Planned Parenthood.

14. Defendant's own document admits that it knew Plaintiff's employer.

15. Despite this demand, Defendant called Plaintiff's employer again on December 6, 2012.

16. Defendant was not seeking location information when it made the calls to Plaintiff because it was seeking employment information.

17. Location information consists of the address of the consumer and the telephone number of that address or the consumer's place of employment.

18. Because Defendant placed calls to Plaintiff's employer and because by its own documentary admission that it created, on December 5, 2012, it knew her place of employment as of December 6, 2012, it had no need to seek location information.

19. Defendants' conversation was a "communication" as it was a communication regarding a debt directly or indirectly to Plaintiff's employer, through a telephone as defined by 15 U.S.C. § 1692a (2).

20. "Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as loss of jobs." S. RE. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N.

21. Defendant by calling Plaintiff's employer and by faxing a document to Plaintiff's employer containing its abbreviated name, phone number, address, was attempting to use a third-party to collect a debt.

## DAMAGES

22. Defendant's acts caused Plaintiff to suffer anxiety and embarrassment at the fact that her employer was contacted by a debt collector.

23. These collection communications were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(10), and § 1692c(b), § 1692c (a)(3).

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

25. Defendant violated 15 U.S.C. § 1692e (10) because by contacting Plaintiff's employer purportedly seeking to verify employment when it knew the phone number to Plaintiff's employer constitutes a deceptive means to attempt to collect a debt.

26. Defendant violated 15 U.S.C. § 1692c (b) when it talked to Plaintiff's employer without Plaintiff's consent and when it was not seeking location information.

27. Defendant violated 15 U.S.C. § 1692c (a)(3) because it called Plaintiff's employer after having been told by the consumer that such calls were prohibited.

28. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of actual damages;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: December 6, 2012

Respectfully submitted,
*/s/ Andrew L. Campbell*

Andrew L. Campbell
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff